**In re Ruby Marie AKRIDGE, Debtor.**

**William Thomas RIGDON, Charles E. Peyton, Trustee, Plaintiffs,**

**v.**

**Ruby Marie AKRIDGE, et al., Defendants.**

**Bankruptcy No. 3–84–00923.
Adv. No. 3–84–0076(B).**

United States Bankruptcy Court,
W.D. Kentucky.

March 15, 1985.

W. Craig Aulenbach, Louisville, Ky., for debtor.

John Spainhour, Shepherdsville, Ky., for plaintiffs.

Charles E. Peyton, Trustee.

## MEMORANDUM–OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court on Complaint by the Trustee and the sole creditor listed by the debtor seeking a determination that the debt in question is nondischargeable pursuant to 11 U.S.C. § 523 and 727. It is further alleged that the conveyance by the debtor to her children in 1982 should be nullified pursuant to § 548.

By Supplemental Complaint of the trustee, the transfer of $30,000.00 by the debtor to her unmarried daughter in March, 1984 is sought to be recovered for benefit of the estate, alleging that said transfer was without consideration with the fraudulent intent to assist the debtor in an effort to delay, hinder or defraud the creditors. The debtor has filed a general denial of the allegations set forth in the Complaint and Supplemental Complaint, as have the other defendants named therein.

Discovery proceedings were instituted, including the taking of the debtor's deposition as well as the recipient defendant of the $30,000.00 in question. Based thereon, the trustee and complaining creditor moved this Court for a Summary Judgment determining that the $30,000.00 in question is an asset of the estate to be administered as such and further directing the debtor-defendant and the defendant, Alberta Mattingly (now record owner of the funds in question), to transfer said sum to the trustee for administration in this estate.

It is axiomatic that a Motion for Summary Judgment will be granted only where there exists no material question of fact and that the movant is entitled to the relief sought as a matter of law. Bankruptcy Rule 7056. The defendants, in response to the Motion for Summary Judgment, do not contest the validity of the testimony elicited during the depositions, but do object to the characterization of the defendants' actions as being a "scheme" to defraud her creditors. By implication, defendants' counsel further alleges that any fraudulent intent is a fact question and, as such, presents a material issue of fact.

It must be noted that the debtor's bankruptcy petition for Chapter 7 relief was filed on May 7, 1984. Debtor's Petition, in the Statement of Affairs, failed to disclose any transfers of property within one year prior to the commencement of the bankruptcy, and further failed to disclose any property of the debtor being held by a third party.

It is uncontroverted that on the date of the bankruptcy petition only one creditor was scheduled, to wit, William Thomas Rigdon, co-plaintiff, a judgment creditor in the amount of $22,416.56 with interest at the rate of twelve percent per annum from March 20, 1984. The deposition of defendants, Mattingly and Akridge, unequivocally establish that the sum of $30,000.00 was owned by Akridge on or about March 1, 1984 in the form of certificates of deposit with Greater Louisville First Federal Savings and Loan Association. Further, that in March, 1984, said funds were removed from said banking institution by the debtor, delivered to Mattingly, and thereafter deposited in Mattingly's sole name in a credit

union located at her place of employment. No consideration was given for the transfer, but the funds were being held in Mattingly's name for the benefit of the debtor with all interest received from the investment paid to the debtor. Mattingly acknowledges awareness of the debtor's plan to file the bankruptcy. Debtor acknowledges that while the $30,000.00 is in the sole name of Mattingly, that said funds are for the debtor's sole benefit, that the funds are being held for the debtor and that all interest thereon is received by her. Debtor further deposed "I was told to get everything out of my name ... and that's what I did" (Deposition of debtor, p. 32, November 7, 1984).

In applying the law to the issues here presented, reference is made to 11 U.S.C. § 548 which provides as follows:

(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

(2)(A) received less that a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation.

▪ Under this provision, the trustee may avoid any transfer of the debtor's property if such (1) occurred within one (1) year before the date of filing of petition, and (2) the debtor received less than a reasonably equivalent value in exchange for such transfer and became insolvent as a result of such transfer. It must be noted that each of these elements must exist in order for the trustee to prevail. It is further noted that the debtor's actual intent is immaterial if all three announced factors exist.

▪ It is the opinion of the Court, and the Court so finds, that the transfer of the $30,000.00 here in question did in fact occur within one (1) year before the date of the

filing of the petition; that the transfer was without consideration and, accordingly, the debtor did not receive a reasonably equivalent value in exchange for said transfer; and finally, that as a result of said transfer, the debtor became insolvent as evidenced by a lack of assets following the transfer sufficient to pay the judgment creditor existing at the time of transfer and the sole creditor existing on the filing of this petition for Chapter 7 relief. These findings are established based upon the pleadings and depositions of record and, after consideration of the defendants, Akridge and Mattingly's response to the Motion for Summary Judgment, which neither controverts nor refutes the elements establishing the trustee's right to partial Summary Judgment.

The above constitutes Findings of Fact and Conclusions of Law pursuant to Rules of Bankruptcy Procedure 7052 and a separate Order will be entered this 15th day of March, 1985.